# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| TRACY FITZGERALD, | ) | |
| as successor in interest to PARAMOUNT | ) | |
| PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:07-cv-00418 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| MARRIOTT HOTEL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

---

## ANSWER

---

Defendant, Marriott Hotel Services Inc., hereinafter referred to as "Marriott," hereby answers Plaintiff's Complaint:

### FIRST DEFENSE:  ESTOPPEL, WAIVER & LACHES

To the extent Plaintiff has failed timely to present any claims he makes in his Complaint, such claims are barred by the doctrines of estoppel, waiver, and laches.

### SECOND DEFENSE:  FAILURE TO STATE A CLAIM

Plaintiff's complaint should be dismissed to the extent it fails to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), upon which this Court may grant relief.

## THIRD DEFENSE:  LACK OF STANDING

Plaintiff lacks standing to bring this action under Tennessee Law and, therefore, the Complaint should be dismissed.

## FOURTH DEFENSE: FAILURE TO MITIGATE

Plaintiff's claims for damages must be dismissed or limited to the extent that  Plaintiff has failed to mitigate its averred damages.

## FIFTH DEFENSE: COMPARATIVE FAULT

Plaintiff's own negligence caused and/or contributed to the injuries or losses alleged in the Complaint, thereby barring or reducing Plaintiff's recovery pursuant to the doctrine of comparative fault.

## SIXTH DEFENSE: LACK OF PROXIMATE CAUSE

Plaintiff's alleged injuries and damages were not proximately caused by any act or omission of Marriott.

## SEVENTH DEFENSE: FAILURE TO PLEAD
## FRAUD WITH PARTICULARITY

Plaintiff's claim of fraud in the inducement must be dismissed for Plaintiff's failure to plead the circumstances alleged to have constituted fraud with particularity.

## EIGHTH DEFENSE: SCOPE OF AUTHORITY

Plaintiff's claims of fraud in the inducement, negligent misrepresentation, and negligence against Marriott must be dismissed to the extent Plaintiff's claims rely on evidence of misconduct committed by persons acting outside the scope of their authority as employees of Marriott.

## NINTH DEFENSE: NO CLAIM FOR BREACH OF GOOD FAITH AND FAIR DEALING

Plaintiff's claim of "breach of good faith and fair dealing" must be dismissed, as Plaintiff has failed to state a claim recognized under Tennessee law.

## TENTH DEFENSE: NO PUNITIVE DAMAGES

Without admitting that Marriott is in any way liable to Plaintiff, which it denies, Plaintiff's claims for punitive damages must be dismissed because Plaintiff fails to plead facts sufficient to support an award of punitive damages.

## ELEVENTH DEFENSE

Marriott responds to the individually-numbered paragraphs of the Complaint as follows:

1.      Marriott admits the averments in Paragraph 1, and further states venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

2.      Marriott admits the averments in Paragraph 2 and further states this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332 (a) and (c).

3.      Marriott admits the averments of Paragraph 3, and further states this Court has personal jurisdiction over Defendants.

4.      Marriott is without sufficient information or knowledge to admit or deny the averments of the first and third sentences of Paragraph 4.  In response to the averments of the second sentence of Paragraph 4, Marriott admits, upon information and belief, that articles of termination for Paramount Productions, LLC

were filed with the Tennessee Secretary of State in April 2005, but denies that Plaintiff became a successor in interest to Paramount Productions, LLC.

5.      In response to the averments of Paragraph 5, Marriott admits that it is a Delaware for-profit corporation qualified to do business in Tennessee, and that the address of the Nashville Airport Marriott Hotel is 600 Marriott Drive, Nashville, Tennessee  37214. Marriott denies that its principal place of business is Nashville, Tennessee.

6.      Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 6.

7.      Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 7.

8.      Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 8.

9.      Marriott admits the averments of Paragraph 9.

10.     Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 10.

11.     In response to the averments of Paragraph 11, Marriott states it is without information or knowledge sufficient to form a reasonable belief as to whether Paramount Productions, LLC (hereinafter "Paramount")entered into the Sales Contract in good faith, and admits the remaining averments of Paragraph 11.

12.     In response to the averments of Paragraph 12, Marriott admits the existence of the Sales Contract and that Paramount and Marriott entered into the

Sales Contract, states the terms of the Sales Contract speak for themselves, but specifically denies the Sales Contract contains a liquidated damages penalty.

13. Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 13.

14. Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 14

15. In response to the averments of Paragraph 15, Marriott states that it informed Paramount in May 2004 that construction on its Cumberland Ballroom would not be completed for the weekend of September 4-6, 2004, and that Marriott would not have the capacity to provide Paramount with theater-style seating space to accommodate 1,000 people. Marriott immediately offered to provide Paramount a theater-style setting to accommodate approximately 400 people on September 4-6, 2004, or to reschedule the event for other dates in September, October. and December 2004. Paramount declined both these offers, and failed to reschedule the event with Marriott.

16. Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 16.

17. Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 17.

18. In response to the averments of Paragraph 18, Marriott denies that it failed to provide Paramount with the room nights provided for in the Sales Contract, that it failed to provide adequate notice to Paramount to reschedule the

event, or that it materially breached the Sales Contract. Indeed, Marriott states that Paramount refused numerous offers of cover, by way of alternate dates, from Marriott.

19. Marriott is without information or knowledge sufficient to form a reasonable belief as to the truth of the averments of Paragraph 19.

20. Marriott is without information or knowledge of the averments of Paragraph 20 and further denies it caused Plaintiff any damages.

21. Marriott is without information or knowledge of the averments in Paragraph 21, and specifically denies it "forced" Plaintiff to schedule additional shows, in as much as Plaintiff admits he is in the business of scheduling such shows.

22. Marriott is without information or knowledge of the averments of Paragraph 22 and further denies it caused Plaintiff any damages.

23. Marriott denies the averments in Paragraph 23.

24. Marriott denies the averments in Paragraph 24.

25. In response to the averments in Paragraph 25, Marriott states the Sales Contract speaks for itself.

## COUNT I
## Breach of the Sales Contract

26. Marriott hereby incorporates its answers in response to the averments in paragraphs 1-26. Any averments that have not been responded to are strictly denied.

27.     Marriott admits that its sales representative executed a sales contract with Paramount Productions, and states that its terms speak for itself.

28.     In response to the averments of Paragraph 28, Marriott denies that it materially breached the Sales Contract.

29.     Marriot denies the averments of Paragraph 29.


## COUNT 2
## Fraud in the Inducement

30.     Marriott hereby incorporates its answers in response to the averments of Paragraphs 1-29. Any averments that have not been responded to are strictly denied.

31.     Marriott denies the averments of Paragraph 31.

32.     Marriott denies the averments of Paragraph 32.

33.     Marriott denies the averments of Paragraph 33.

34.     Marriott denies the averments of Paragraph 34.

35.     Marriott denies the averments of Paragraph 35.

36.     Marriott denies the averments of Paragraph 36.

37.     Marriott denies the averments of Paragraph 37.


## COUNT 3
## Negligent Misrepresentation

38.     Marriott hereby incorporates its answers in response to the averments of Paragraphs 1-37. Any averments that have not been responded to are strictly denied.

1446756.7

39. Marriott denies the averments of Paragraph 39.

40. Marriott denies the averments of Paragraph 40.

41. Marriott denies the averments of Paragraph 41.

42. Marriott denies the averments of Paragraph 42.

43. Marriott denies the averments of Paragraph 43.

## COUNT 4
## Negligence

44. Marriott hereby incorporates its answers in response to the averments of Paragraphs 1-43. Any averments that have not been responded to are strictly denied.

45. Marriott denies the averments of Paragraph 45.

46. Marriott denies the averments of Paragraph 46.

47. Marriott denies the averments of Paragraph 47 and strict poof is demanded.

## COUNT 5
## Breach of Good Faith and Fair Dealing

48. Marriott hereby incorporates its answers in response to the averments of Paragraphs 1-47. Any averments that have not been responded to are strictly denied.

49. Marriott admits the averments in Paragraph 49, and states that it complied with its duty of good faith and fair dealing at all times with respect to Paramount and Plaintiff.

50. Marriott denies the averments in Paragraph 50.

51. Marriott denies the averments in Paragraph 51.

## COUNT  6
## Tortious Interference with Business Opportunity

52. Marriott hereby incorporates its answers in response to the averments of Paragraphs 1-51.  Any averments that have not been responded to are strictly denied.

53. In response to the averments of Paragraph 53,  Marriott denies that it failed to provide Paramount "accommodations" as set forth in the Sales Contract; and Marriott states that it offered Paramount numerous alternate dates for its event, such that its actions did not constitute a material breach of the Sales Contract.

54. In response to the averments of Paragraph 53,  Marriott denies that it failed to provide Paramount "accommodations" as set forth in the Sales Contract; and Marriott states that it offered Paramount numerous alternate dates for its event, such that its actions did not constitute a material breach of the Sales Contract.

55. Marriott denies the averments of Paragraph 55.

56. Marriott denies the averments of Paragraph 56.

WHEREFORE, having fully answered the Complaint and stated its affirmative defenses thereto, Marriott  requests the following relief:

1. That the Complaint be dismissed;

2. That judgment be entered in favor of Marriott and against Plaintiff;

3. That the costs of this action be taxed against Plaintiff;

4. That Marriott be awarded any costs, attorneys' fees, and expenses incurred in defending this action; and

5. That the Court award Marriott any other such relief as it deems just and reasonable.

**WALLER LANSDEN DORTCH & DAVIS LLP**

/s/
_____
Thomas H. Lee
Erica Garrison
511 Union Street, Suite 2100
Nashville, Tennessee 37219
(615) 244-6380

Attorneys for Defendant, Marriott Hotel Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served by U.S. mail, first-class postage prepaid, to:

Barry Neil Shrum
Harris, Martin, Jones, Shrum, Bradford & Wommack, P.A.
49 Music Square West, Suite 600
Nashville, Tennessee 37203

Attorney for Plaintiff

on this the 23ʳᵈ day of April, 2007.

/s/

_____